Brent Dorian Brehm – State Bar No. 248983
  Email: bbrehm@kantorlaw.net
Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Monica Lienke – State Bar No. 300115
  Email: mlienke@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
EDMUND TREIDLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| EDMUND TREIDLER,<br><br>    Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.:<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
|---|---|

Plaintiff Edmund Treidler ("Plaintiff"), herein sets forth the allegations of his Complaint against Defendant Metropolitan Life Insurance Company ("MetLife").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering

1. benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due under his plan, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. "Intradistrict Assignment" – This matter may be assigned to either the Oakland or San Francisco Division of the Northern District of California because the events giving rise to this lawsuit occurred in Contra Costa County.

3. Plaintiff was, at all times relevant, an employee of BlackRock, Inc. ("BlackRock") and a resident of Contra Cost County, State of California, at the time that his disability claim arose under the BlackRock, Inc. Employee Welfare Plan ("the Plan"), which is insured and administered by MetLife.

4. MetLife is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

5. MetLife is the insurer of long-term disability ("LTD") benefits under the Plan, Policy Number 121133-1-G, and acted in the capacity of the Plan insurer and the Plan claims administrator. In administering the Plan, MetLife operated with a conflict of interest and that conflict of interest impacted its administration of Plaintiff's claim.

6. Plaintiff is informed and believes that Policy Number 121133-1-G was issued with the intent to provide long term disability coverage to residents of the State of California.

**FIRST CLAIM FOR RELIEF
AGAINST DEFENDANT FOR PLAN BENEFITS, ENFORCEMENT AND
CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST,
AND ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by BlackRock, and was a covered participant under the terms and conditions of the Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. While Plaintiff was covered under the Plan, Plaintiff suffered a disabling medical condition. As of July 21, 2017, and at all times thereafter, Plaintiff was disabled and entitled to benefits under different provisions of the Plan.

10. Due to Plaintiff's commitment to improving his health condition and his desire to continue working, he returned to work on a part-time basis on August 2, 2018. While working part-time, Plaintiff was unable to earn more than 80% of his pre-disability earnings and thus, under the terms of the Plan, remained entitled to benefits under the Plan and its Work Incentive provision.

11. Pursuant to the terms of the Plan, Plaintiff made a claim to MetLife for benefits. MetLife assigned Plaintiff Claim No. 731711291856. On March 30, 2018, MetLife denied Plaintiff's claim. On September 21, 2018, Plaintiff appealed MetLife's decision. On December 26, 2018, MetLife upheld its denial. On June 19, 2019, Plaintiff submitted additional medical information to MetLife, asking MetLife to reconsider its decision. On July 22, 2019, MetLife sent a letter stating that the new medical information did not impact its decision.

12. On or around August 12, 2019, Plaintiff ceased work because he was no longer able to sustain even a part-time work schedule. Thereafter, Plaintiff has not returned to work and remained disabled under the terms of the Plan.

13. In March 2020, Plaintiff filed a new claim for disability benefits which MetLife approved. MetLife assigned Plaintiff Claim No. 501909092608 for this new claim and determined that Plaintiff's date of disability was August 13, 2019. MetLife began paying benefits on February 9, 2020, following the elimination period, and is continuing to pay Plaintiff ongoing benefits. MetLife is paying benefits based on Plaintiff's part-time work income.

14. Due to the same underlying medical condition, Plaintiff has been continuously disabled under the terms of the Plan since July 21, 2017. Plaintiff's proper date of disability under the Plan is July 21, 2017, with benefit payments based on his full-time work income.

15. Benefit payments under the Plan are calculated as a percentage of pre-disability earnings as of the previous October 1. Under Plaintiff's proper date of disability, July 21, 2017,

Plaintiff's benefit amount is based on significantly higher earnings than the benefit amount that MetLife is currently paying him. The benefit amount currently paid by MetLife is incorrectly based on a date of disability of August 13, 2019 and Plaintiff's significantly lower part-time income. Because Plaintiff's claim for benefits with a date of disability of July 21, 2017 was wrongfully denied, Plaintiff has not received the full benefit amount to which he is entitled.

16. Defendant has breached the Plan and violated ERISA in the following respects:

(a) MetLife failed to pay the full amount of LTD benefit payments to Plaintiff and approve his initial LTD claim at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled under the terms of the Plan and therefore entitled to benefits based on a July 21, 2017 date of disability;

(b) MetLife failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for LTD benefits with a July 21, 2017 date of disability;

(c) MetLife failed, after Plaintiff's claims were denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

(d) MetLife failed to properly and adequately investigate the merits of Plaintiff's LTD claim and failed to provide a full and fair review of Plaintiff's claim.

17. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

18. Following the denial of LTD benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

19. As a proximate result of the aforementioned wrongful conduct of MetLife, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

20. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

21. The wrongful conduct of MetLife has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff based on a July 21, 2017 date of disability;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits based on a July 21, 2017 date of disability and earnings reflecting this date of disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

///
///
///
///
///
///

///

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  August 25, 2021                              KANTOR & KANTOR, LLP

                                              By:     */s/ Brent Dorian Brehm*
                                                      Brent Dorian Brehm

                                                      Attorneys for Plaintiff,
                                                      EDMUND TREIDLER